## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | Case No.: 18-42845-MJH |
| BRIAN DOUGLAS DESKINS and CHERYL ANN DESKINS, | TRUSTEE'S OBJECTION TO CONFIRMATION WITH STRICT COMPLIANCE |
| Debtors. | |

**COMES NOW**, Michael G. Malaier, Chapter 13 Standing Trustee, and objects to confirmation as follows:

### BACKGROUND

Debtors filed this Chapter 13 case on August 21, 2018.  The applicable commitment period is sixty months.  The case is currently in the second month and the Meeting of Creditors has not yet been completed.  The bar date for filing non-governmental claims is October 30, 2018.  Scheduled unsecured claims total $157,909.93, and scheduled priority claims total $48,364.41.  Debtors propose to pay at least $47,513.52 to allowed nonpriority unsecured claims.

Michael G. Malaier
Chapter 13 Standing Trustee
1551 Broadway, Suite 600
Tacoma, WA  98402
(253) 572-6600

# OBJECTION

☐ Plan is not feasible:

☐ Plan is not proposed in good faith or is forbidden by law:

☒ Plan fails to commit all excess disposable income for the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B): The debtors most provided a evidence to support a deviation from the means test result. While a court may account for "changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation," the debtors have not provided any evidence of such changes. *Hamilton v. Lanning*, 130 S.Ct. 2464 (2010). The debtors are seeking to reduce the amount paid to unsecured creditors from $175,920.00 to $47,513.52. *See* ECF # 2, pg. 3. Debtors must provide evidence of a change in the debtors' income or expenses.

Trustee also requires that the debtors provide twelve months of bank statements for the debtor's business, twelve months or profit and loss statements, the debtors' business address, and the trustee's business information sheet.

☒ Plan does not meet the best interests of creditors test as required by 11 U.S.C. § 1325(a)(4): Trustee requires the following documents in order to complete his review:

(1) A sock statement for debtors' UPS stock.

(2) All bank accounts associated with debtors' business. It should also be noted that debtors inappropriately set the value of the business bank accounts with business debt, as debtor is a sole proprietor. See ECF # 1, pg. 14.

☐ Schedules or other documentation insufficient:

☒ Other: Debtors' should be required to amend their plan to provide for the secured claim of the IRS. *See* Claim # 2

**WHEREFORE**, Trustee requests that the objection to confirmation be sustained and debtors be ordered to file a motion to confirm a plan resolving the issues raised herein within 14 days of entry of the Order Sustaining Trustee's Objection to Confirmation; and to set the hearing on the next available motion calendar after the 14 days expires. If the Motion to

Michael G. Malaier
Chapter 13 Standing Trustee
1551 Broadway, Suite 600
Tacoma, WA 98402
(253) 572-6600

Confirm resolving the Trustee's issues is not filed and set for hearing as outlined above, the Trustee requests he be allowed to enter an order dismissing the case, *ex parte*, without notice.

**DATED** this 15th day of October, 2018.


/s/ Matthew J.P. Johnson
Matthew J.P. Johnson, WSBA# 40476 for
Michael G. Malaier, Chapter 13 Trustee

## CERTIFICATE OF MAILING

I declare under penalty of perjury under the laws of the United States as follows: I mailed via regular mail a true and correct copy of the Trustee's Objection to Confirmation with Strict Compliance to the following:

Brian Douglas Deskins
Cheryl Ann Deskins
5016 – 64th Ave. W.
University Place, WA 98467

The following parties received notice via ECF:

Lance E. Olsen
Noel P. Shillito
US Trustee

Executed at Tacoma, Washington on the 15th day of October, 2018.


/s/Tracy Maher
Tracy Maher
Office Manager
Michael G. Malaier
Chapter 13 Trustee

TRUSTEE'S OBJECTION TO CONFIRMATION
WITH STRICT COMPLIANCE - 3